IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| ROBERT BRESHEARS, | Case No. 2:22-cv-01015-SB |
| Plaintiff, | **OPINION AND ORDER** |
| v. | |
| OREGON DEPARTMENT OF TRANSPORTATION, | |
| Defendant. | |

**BECKERMAN, U.S. Magistrate Judge.**

Plaintiff Robert Breshears ("Breshears") filed this action against his employer, the Oregon Department of Transportation ("ODOT"), alleging religious discrimination under Title VII of the Civil Rights Act of 1964 ("Title VII") and disability discrimination under OR. REV. STAT. § 659A.112. (ECF No. 1.)

Now before the Court is ODOT's motion to dismiss Breshears's Title VII claim pursuant to FED. R. CIV. P. 12(b)(6). (Def.'s Mot. Dismiss ("Def.'s Mot."), ECF No. 9.) The Court has jurisdiction over this matter under 28 U.S.C. §§ 1331 and 1367, and all parties have consented to the jurisdiction of a magistrate judge pursuant to 28 U.S.C. § 636. The Court heard oral argument

PAGE 1 – OPINION AND ORDER

on ODOT's motion on January 5, 2023. For the reasons discussed below, the Court grants ODOT's motion to dismiss.

## BACKGROUND[1]

In May 2018, Breshears began working for ODOT as a heavy equipment technician. (FAC ¶ 3.) Sometime in 2000, Breshears was exposed to poisonous gas unrelated to his work for ODOT and as a result began receiving ongoing treatment for reduced lung capacity. (*Id.* ¶ 6.)

In August 2021, in response to the COVID-19 ("COVID") pandemic, ODOT mandated that Breshears wear a mask while at work. (*Id.* ¶ 5.) Breshears provided ODOT a letter from his healthcare provider, which stated that because Breshears had "reduced lung capacity . . . he should not be mandated to wear a facemask" but a face shield was a viable alternative. (*Id.* ¶ 7.) ODOT accommodated Breshears's request and allowed him to wear a face shield while working. (*Id.*)

On August 13, 2021, ODOT mandated that employees be fully vaccinated for COVID before October 18, 2021, as a continued condition of employment. (*Id.* ¶ 8.) In September 2021, Breshears notified ODOT that he had a sincerely-held religious belief that prevented him from getting the vaccine. (*Id.* ¶ 9.)

In early October 2021, ODOT informed Breshears that it would accommodate his request for a religious exemption, and he would not have to get the vaccine so long as he wore an N95 mask while at work. (*Id.* ¶ 12.) Breshears informed ODOT that his lung condition prevented him

---

[1] Breshears pleads these facts in his first amended complaint ("FAC") and the Court assumes they are true for the purpose of deciding this motion. *See Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010) (noting that when reviewing a motion to dismiss for failure to state a claim, a court must "accept as true all well-pleaded allegations of material fact, and construe them in the light most favorable to the non-moving party").

from wearing an N95 mask. (*Id*.) ODOT then informed Breshears that if he could not wear an N95 mask, he could take a leave of absence. (*Id.* ¶ 13.)

On October 19, 2021, ODOT placed Breshears on leave without pay, which required Breshears to use his accrued compensatory time and vacation, personal, and sick days. (*Id.* ¶ 14.) Breshears returned to work on April 1, 2022, after ODOT lifted its vaccine mandate. (*Id.* ¶ 15.)

Breshears alleges that ODOT violated Title VII when it "failed to reasonably accommodate [his] religious beliefs" and that ODOT violated OR. REV. STAT. § 659A.112 because ODOT "could have accommodated [his] disability" by allowing him to continue to work with other accommodations. (*Id.* ¶¶ 20, 29.) Breshears alleges his "reduced lung capacity" is a medical condition that prevents him from wearing a face mask. (*Id.* ¶¶ 6, 11.)

Breshears seeks $52,002.50 in economic damages resulting from his time on leave without pay and missed overtime, $300,000 in compensatory damages for emotional pain and suffering, inconvenience, mental anguish, and loss of enjoyment of life, and attorney and expert witness fees. (*Id.* ¶ 33.)

## LEGAL STANDARDS

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Mashiri v. Epsten Grinnell & Howell*, 845 F.3d 984, 988 (9th Cir. 2017) (quoting *Iqbal*, 556 U.S. at 678).

///

PAGE 3 – OPINION AND ORDER

**DISCUSSION**

Breshears alleges that ODOT discriminated against him by failing reasonably to accommodate his religious beliefs and disability. (FAC ¶¶ 17-32.) ODOT moves to dismiss Breshears's Title VII religious discrimination claim because "ODOT fully accommodated his religious beliefs by allowing him to opt out of the COVID-19 vaccine, and offering a reasonable alternative." (Def.'s Mot. at 2.)

**I.     APPLICABLE LAW**

Under Title VII, a plaintiff alleging religious discrimination based on a failure to accommodate "must first set forth a *prima facie* case that (1) he had a bona fide religious belief, the practice of which conflicts with an employment duty; (2) he informed his employer of the belief and conflict; and (3) the employer discharged, threatened, or otherwise subjected him to an adverse employment action because of his inability to fulfill the job requirement." *Peterson v. Hewlett-Packard Co.*, 358 F.3d 599, 606 (9th Cir. 2004) (citing *Heller v. EBB Auto. Co.*, 8 F.3d 1433, 1438 (9th Cir. 1993)). If a plaintiff "makes out a *prima facie* failure-to-accommodate case, the burden then shifts to [the employer] to show that it 'initiated good faith efforts to accommodate reasonably the employee's religious practices or that it could not reasonably accommodate the employee without undue hardship.'" *Id.* (citation omitted).

**II.    ANALYSIS**

ODOT moves to dismiss Breshears's Title VII claim under FED. R. CIV. P. 12(b)(6) for failure to state a claim. (Def.'s Mot. at 1.) ODOT argues that "the allegations in [the FAC] do not show that ODOT forced Breshears to take the vaccine, nor do they show that [Breshears] faced adverse employment action due to his religious beliefs." (*Id*. at 2.) Rather, ODOT argues it honored Breshears's religious objection, but Breshears refused ODOT's accommodation— wearing an N95 mask—because of a medical condition. (*Id*. at 3.)

PAGE 4 – OPINION AND ORDER

Breshears responds that he "was placed on unpaid leave for his failure to receive a COVID vaccination." (Pl.'s Resp. Def.'s Mot. Dismiss ("Pl.'s Resp.") at 1, ECF No. 13.) Thus, according to Breshears, "had [he] received a COVID-19 vaccine he would not have been placed on unpaid leave." (*Id.*) To support his claim, Breshears argues that "[ODOT's] offered accommodation did not resolve [Breshears's] religious conflict with the vaccine mandate [because ODOT] already knew [Breshears] could not wear an N95 mask."[2] (*Id.* at 2.)

Title VII requires that "where a certain aspect of an employment situation creates a religious conflict for a particular employee, the employer must take some initial step to reasonably accommodate the religious belief of that employee." *Am. Postal Workers Union, San Francisco Loc. v. Postmaster Gen.*, 781 F.2d 772, 776 (9th Cir. 1986) (citation omitted). "If the accommodation proposed by the employer fails to eliminate the employee's religious conflict, the employer must implement an alternate accommodation proposed by the employee, unless implementation of that accommodation would cause undue hardship to the employer." *Id.* (citation omitted).

Breshears alleges his religious beliefs prevent him from getting the COVID vaccine. (FAC ¶ 9.) However, Breshears acknowledges in his FAC that ODOT offered to accommodate

---

[2] In support of his response to ODOT's motion, Breshears submitted a declaration attaching three exhibits, which he did not attach to his FAC. (*See* Decl. Brent Smith Supp. Pl.'s Resp. Def.'s Mot., ECF No. 14.) "The 'incorporation by reference' doctrine permits the Court to take into account documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the plaintiff's pleading." *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005) (simplified). ODOT objects to the Court's consideration of two of the three exhibits because Breshears "does not allege any of the contents of Exhibits 1 or 3 in the [FAC]." (Def.'s Reply at 2, ECF No. 16.) The Court agrees, and does not consider Exhibits 1 or 3 in deciding this motion. The Court does, however, consider Exhibit 2, because Breshears quotes Exhibit 2 (ODOT's October 16, 2021 letter) in his FAC (*see* FAC ¶ 13), and ODOT does not question its authenticity. (*See* Def.'s Reply at 2.) The Court also notes that even if it had considered Exhibits 1 and 3, neither would compel a different result here.

Breshears's religious objection by not requiring him to receive the COVID vaccine, so long as he wore an N95 mask at work. (*See id.* ¶ 12.) The accommodation ODOT offered Breshears allowed him to refuse the COVID vaccine, which "effectively eliminated the religious conflict[.]" *Am. Postal Workers Union*, 781 F.2d at 776; *see also Telfair v. Fed. Exp. Corp.*, 934 F. Supp. 2d 1368, 1384 (S.D. Fla. 2013), *aff'd*, 567 F. App'x 681 (11th Cir. 2014) ("An accommodation is reasonable as a matter of law, if it in fact eliminates a religious conflict in the workplace[.]").

Breshears alleges that he rejected ODOT's proposed masking accommodation because of his lung condition, not because the accommodation failed to eliminate his religious objection. (FAC ¶ 12.) Further, Breshears does not allege that he has a religious objection to masking. As such, Breshears's allegations do not support his claim that ODOT subjected him to an adverse employment action (i.e., unpaid leave) because of his religious beliefs, but rather because of his alleged inability to wear a mask. Breashears may proceed on his disability discrimination claim, but he has failed to state a Title VII religious discrimination claim. *See Burcham v. City of Los Angeles*, 562 F. Supp. 3d 694, 708 (C.D. Cal. Jan. 7, 2022) (dismissing Title VII claim and holding that the plaintiffs failed to establish a *prima facie* case of religious discrimination because although they "allege that they have submitted requests for religious exemptions, at no point in the [complaint] do they state that those requests have been denied" and therefore the "[p]laintiffs do not plausibly allege that [the d]efendants have discriminated, or threatened to discriminate, against them"); *cf. George v. Grossmont Cuyamaca Cmty. Coll. Dist. Bd. of Governors*, No. 22-cv-0424-BAS-DDL, 2022 WL 16722357, at *18 (S.D. Cal. Nov. 4, 2022) (denying motion for preliminary injunction and holding that the plaintiffs could not identify an adverse employment action under Title VII where they "all ha[d] received religious exemptions"

to a COVID vaccine mandate and therefore the plaintiffs "fail[ed] to raise even serious questions going to the merits of their Title VII claim").

Breshears argues that ODOT could and should have accommodated his religious beliefs by allowing him to socially distance at work instead of wearing a mask, because ODOT was on notice that he was unable to wear a mask. (*See* FAC ¶ 20.) However, Title VII does not require an employer to accept an employee's preferred accommodation. *See Am. Postal Workers Union*, 781 F.2d at 776 ("The position advanced by [the plaintiffs] stands for the proposition that an employer must accept any accommodation, short of 'undue hardship,' proposed by an employee, regardless of whether the employee rejects an accommodation proposed by the employer solely on secular grounds. Title VII does not compel that conclusion."); *see also Ansonia Bd. of Educ. v. Philbrook*, 479 U.S. 60, 68 (1986) ("We find no basis in either the statute or its legislative history for requiring an employer to choose any particular reasonable accommodation."); *Telfair*, 934 F. Supp. 2d at 1384 ("[I]f the conflict is eliminated the employee has no right to insist upon a different accommodation that he prefers." (citing *Sturgill v. United Parcel Serv., Inc.*, 512 F.3d 1024, 1031-32 (8th Cir. 2008))).

With respect to Breshears's argument that ODOT's masking accommodation was unreasonable in light of his lung condition, it is well-settled that a "reasonable" accommodation under Title VII is one that "eliminates the conflict between employment requirements and religious practices." *Ansonia*, 479 U.S. at 70. "An accommodation is reasonable as a matter of law, if it in fact eliminates a religious conflict in the workplace; accordingly, if the conflict is eliminated the employee has no right to insist upon a different accommodation that he prefers." *Telfair*, 934 F. Supp. 2d at 1384 (citing *Sturgill*, 512 F.3d at 1031-32); *cf. Wise v. Inslee*, No. 2:21-cv-0288-TOR, 2022 WL 1243662, at *8 (E.D. Wash. Apr. 27, 2022) (holding that

PAGE 7 – OPINION AND ORDER

government employees could not state a Title VII religious discrimination claim in response to Washington's COVID vaccine mandate, where "[t]hose whose positions were terminated allege they applied for accommodation, but accommodations were simply unavailable" and "[t]hese facts do not support a failure-to-accommodate claim under Title VII").

Here, ODOT offered Breshears an accommodation—masking—that eliminated the conflict between ODOT's vaccine requirement and Breshears's religious beliefs, and ODOT's accommodation for Breshears's religious beliefs was reasonable as a matter of law. *See Ansonia*, 479 U.S. at 70; *Telfair*, 934 F. Supp. 2d at 1384. "[W]here the employer has already reasonably accommodated the employee's religious needs, the [Title VI] statutory inquiry is at an end." *Ansonia*, 479 U.S. at 68. Accordingly, the Court grants ODOT's motion to dismiss Breshears's Title VII claim.[3]

### III. STATE LAW CLAIM

In light of the Court's dismissal of Breshears's federal claim, and because this case has not moved past the pleading stage, the Court declines to exercise supplemental jurisdiction over Breshears's remaining state law claim. *See* 28 U.S.C. § 1367(c)(3) (providing that a court may decline to exercise supplemental jurisdiction over a claim if it "has dismissed all the claims over which it has original jurisdiction"); 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.");

---

[3] Although Breshears does not seek leave to amend his Title VII claim, the Court finds that dismissal of the claim with prejudice is appropriate because any amendment would be futile. *See Tadros v. Wilmington Tr., Nat'l Ass'n as Tr. to Citibank, N.A.*, No. 3:17-cv-01623-AA, 2018 WL 5298144, at *2 (D. Or. Oct. 25, 2018) (noting that futility "can, by itself, justify the denial of a motion for leave to amend" (citing *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995))); *see also Wise*, 2022 WL 1243662, at *8 (denying as futile the plaintiffs' request to amend their complaint to include a Title VII claim where "there [was] no indication that [they] faced adverse employment decisions due to their sincerely held religious beliefs").

*Ramirez v. Bank of Am. Corp.*, No. CV 09-07788 DDP (SSx), 2009 WL 5184480, at *1 (C.D. Cal. Dec. 22, 2009) ("After dismissal of all federal claims, a court may decline to exercise supplemental jurisdiction over the remaining state law claims and remand the case *sua sponte* if there exists no independent basis for subject matter jurisdiction." (citing 28 U.S.C. §§ 1367(c), 1447(c) and *Osborn v. Haley*, 549 U.S. 225, 245 (2007))).

Accordingly, the Court remands Breshears's OR. REV. STAT. § 659A.112 disability discrimination claim to state court. *See Meredith Lodging LLC v. Vacasa LLC*, No. 6:21-cv-326-MC, 2021 WL 5316986, at *6 (D. Or. Nov. 15, 2021) (dismissing federal claims and declining to exercise supplemental jurisdiction over related state law claims); *see also Tatoma, Inc. v. Newsom*, No. 3:21-cv-098-BEN-JLB, 2022 WL 686965, at *6 (S.D. Cal. Mar. 8, 2022) (declining to exercise supplemental jurisdiction over the plaintiff's state law claims related to COVID restrictions after dismissing federal claims).

## CONCLUSION

For the reasons stated, the Court GRANTS ODOT's motion to dismiss (ECF No. 9), dismisses Breshears's Title VII claim with prejudice, and REMANDS Breshears's remaining state law claim to Union County Circuit Court.

**IT IS SO ORDERED.**

DATED this 9th day of January, 2023.

*[signature: Stacie F. Beckerman]*

HON. STACIE F. BECKERMAN
United States Magistrate Judge

PAGE 9 – OPINION AND ORDER